UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR HUGGINS,

    Plaintiff,

v.                                            Case No: 8:22-cv-1183-WFJ-TGW

SCHOOL DISTRICT OF MANATEE
COUNTY, a Florida Governmental Entity;
MANATEE COUNTY SCHOOL BOARD,
a Florida Governmental Entity; CYNTHIA
SAUNDERS, in her official capacity and
also, individually; PAUL DAMICO, in his
official capacity and also, individually;
MIKE BARBER, in his official capacity and
also, individually; and ADAM WOLLARD,
in his official capacity and also, individually,

    Defendants.
_____/

## ORDER GRANTING MOTION

This matter comes before the Court on Defendant Cynthia Saunders' opposed Motion to Stay Discovery and For an Extension of Time to Respond to Plaintiff's Discovery, Dkt. 45. Upon consideration, the Court grants Ms. Saunders' motion.

Ms. Saunders specifically requests a stay of discovery as to Plaintiff's First Set of Interrogatories pending the resolution of her pending Motion to Dismiss,

Dkt. 42, and seeks a thirty-day extension to respond to those interrogatories upon the issuance of a final ruling from this Court or the Eleventh Circuit as to her affirmative defense of qualified immunity. Dkt. 45 at 7−8. In addition to raising an issue of qualified immunity, Ms. Saunders' Motion to Dismiss asserts that Plaintiff has failed to state a claim and failed to comply with pleading requirements. Dkt. 42 at 1.

A party moving for a stay of discovery must show good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). Such motions are not favored, however, as discovery delays can create case management concerns. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In deciding whether to stay discovery, a court must balance the harm caused by a delay in discovery against the possibility that the pending motion to dismiss will be granted and eliminate the need for such discovery. *Id.* (citation omitted). To do so, a court must "take a preliminary peek" at the dispositive motion's merits to see if it appears "clearly meritorious and truly case dispositive." *Land v. James*, No. 3:21-cv-389-BJD-JRK, 2021 WL 3268951, at *1 (M.D. Fla. July 30, 2021) (quoting *Feldman*, 176 F.R.D. at 652−53).

Without expressing any opinion as to whether Ms. Saunders' pending Motion to Dismiss will ultimately be meritorious, the Court finds that the motion is not meritless and would dispose of all claims against her if granted. The Court also

finds that a limited stay of discovery pending the resolution of Ms. Saunders' Motion to Dismiss would cause minimal harm to Plaintiff, as the requested stay only applies to Plaintiff's First Set of Interrogatories to Ms. Saunders. There remains ample time for such discovery in this case, as the present discovery cut-off is May 1, 2023. Dkt. 31.

Additionally, the Court recognizes that Ms. Saunders' Motion to Dismiss asserts that five of the nine counts brought against her are barred by the doctrine of qualified immunity. Dkt. 42 at 5−10. The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest stage in litigation." *Pearson v. Callahan*, 555 U.S. 231−31 (2009) (internal quotes omitted). The purpose of qualified immunity is to ensure "that insubstantial claims against government officials be resolved prior to discovery[.]" *Anderson v. Creighton*, 483 U.S. 635, 640 n.23 (1987). Accordingly, where a defendant raises the affirmative defense of qualified immunity, district courts should stay discovery until that immunity issue is resolved. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Based on the foregoing, the Court finds that a limited stay of discovery is warranted. Ms. Saunders' Motion to Stay Discovery and For an Extension of Time to Respond to Plaintiff's Discovery, Dkt. 45, is **GRANTED**. Discovery is stayed as to Plaintiff's First Set of Interrogatories to Ms. Saunders pending resolution of

Ms. Saunders' Motion to Dismiss, Dkt. 42. Ms. Saunders will have **thirty (30) days** to respond to those interrogatories upon the issuance of a final ruling on the issue of her qualified immunity from this Court or the Eleventh Circuit, as applicable.

      **DONE AND ORDERED** at Tampa, Florida, on August 12, 2022.

                                          */s/ William F. Jung*
                                          **WILLIAM F. JUNG**
                                          **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record