UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR HUGGINS,

    Plaintiff,

v.   Case No: 8:22-cv-1183-WFJ-TGW

SCHOOL DISTRICT OF MANATEE
COUNTY, a Florida Governmental Entity;
MANATEE COUNTY SCHOOL BOARD,
a Florida Governmental Entity; CYNTHIA
SAUNDERS, in her official capacity and
also, individually; PAUL DAMICO, in his
official capacity and also, individually;
MIKE BARBER, in his official capacity and
also, individually; and ADAM WOLLARD,
in his official capacity and also, individually,

    Defendants.

_____/

## ORDER

Before the Court are Defendant Adam Wollard's Motion to Strike, Dkt. 48, and Plaintiff Arthur Huggins' Motion to Amend, Dkt. 49. Defendant Wollard brought his Motion to Strike after Plaintiff filed a Second Amended Complaint, Dkt. 47, without leave of Court. Plaintiff subsequently filed his Motion to Amend, seeking leave to file his Second Amended Complaint. Defendants oppose Plaintiff's motion. Dkts. 50 & 53. Upon consideration, the Court grants Defendant

Wollard's motion and denies Plaintiff's motion.

In relevant part, Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within twenty-one days of service of either that party's pleading or a Rule 12(b) motion. Fed. R. Civ. P. 15(a). Otherwise, a party may only file an amended pleading with the written consent of the opposing party or leave of court. *Id.* While leave to amend should be freely granted, *id.*, a court need not grant leave to amend where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by previous amendments; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff filed his Second Amended Complaint over twenty-one days after four Defendants filed their pending Rule 12(b)(6) Motions to Dismiss. Plaintiff did not obtain Defendants' written consent or leave of Court to file his Second Amended Complaint. Because Plaintiff failed to comply with Rule 15, Defendant Wollard's Motion to Strike Plaintiff's Second Amended Complaint is due to be granted.

While Plaintiff has since filed a Motion to Amend seeking leave to file his Second Amended Complaint, the Court finds that leave to amend should not be granted for two reasons. First, amendment is futile, as only minor differences exist

between Plaintiff's current Amended Complaint and his proposed Second Amended Complaint. The Second Amended Complaint does not remedy the alleged deficiencies raised in Defendants' pending Motions to Dismiss.

Second, granting leave to amend would unduly prejudice Defendants. Four of the pending Motions to Dismiss raise issues of qualified immunity, which should be resolved at the earliest stage in litigation. *See Pearson v. Callahan*, 555 U.S. 231, 231–32 (2009). Allowing Plaintiff to file a Second Amended Complaint, which differs only slightly from his current Amended Complaint, would moot the pending Motions to Dismiss and require Defendants to expend time and resources bringing new motions asserting the same claims of qualified immunity. For these reasons, the Court declines to grant Plaintiff leave to amend.

Based on the foregoing, Defendant Wollard's Motion to Strike, Dkt. 48, is **GRANTED**, and Plaintiff's Second Amended Complaint, Dkt. 47, is **STRICKEN**. Plaintiff's Motion to Amend, Dkt. 49, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on August 22, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record